ASSOCIATES DISCOUNT CORPORATION *vs.* LAWRENCE J. GILLINEAU.

Suffolk.    February 2, 1948. — March 4, 1948.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Bailment. Sale,* Conditional sale. *Practice, Civil,* Requests, rulings, and instructions.

Requests for rulings have no standing in an action heard upon a case stated.

The vendee in possession of a chattel under a contract of conditional sale has a right to recover from a tortfeasor who has damaged it the full amount of the damage, although the amount so recovered is in excess of the value of the vendee's interest under the contract.

An assignee of a conditional sale vendor of a chattel, after the vendee in possession thereof, without the assignee's knowledge, has settled a claim against a tortfeasor who damaged the chattel and in such settlement has received the full amount of such damage, cannot maintain an action against the tortfeasor on his own account.

TORT. Writ in the Municipal Court of the City of Boston dated June 29, 1942.

The case was heard by *Gillen,* J.

*A. J. Dimond,* for the plaintiff.

*J. J. Hennessey, (J. D. Assaf* with him,) for the defendant.

WILKINS, J. This action of tort for negligently causing damage to an automobile concerns the right of a conditional vendor to recover from a tortfeasor who has settled in full with the conditional vendee. The case was heard, together with a similar action against one Furbush, upon a statement of agreed facts amounting to a case stated.

The automobile was sold to one Zinner under a conditional sale agreement, of which the plaintiff is the vendor's

assignee.   Before there was any default under the agreement the automobile was damaged on a public way due to the negligent operation of two other automobiles by the defendant and by Furbush respectively.   The registration was in Zinner's name as owner, and did not disclose the interest of any other person.   The defendant and Furbush, acting independently and in good faith without knowledge of the plaintiff's interest, [1] each made a settlement with Zinner and obtained from him a release of all claims for damage to the automobile caused by their negligence.   The total of the sums paid by the defendant and by Furbush was $429.55, the full amount of the damage.   Later the plaintiff repossessed the automobile for Zinner's failure to make payments under the conditional sale agreement, and sold it in its damaged condition for $200.   At that time the balance owing the plaintiff was $609.30.

The judge found for the plaintiff in the sum of $409.   The Appellate Division vacated that finding and ordered judgment for the defendant.   The plaintiff appealed.

It was the duty of the judge to order the correct judgment upon the case stated.   The defendant's requests for rulings, which were denied, had no standing.   *Howland* v. *Stowe*, 290 Mass. 142, 146.   *Antoun* v. *Commonwealth*, 303 Mass. 80, 81.   *Redden* v. *Ramsey*, 309 Mass. 225, 227.

The precise question confronting us was expressly left open in *Belli* v. *Forsyth*, 301 Mass. 203.   That was an action by a bailor for damage to his automobile, which he had lent to two members of his family, one of whom was operating it at the time of the accident.   On the same day when that action was brought the bailees brought actions of their own against the defendant for personal injuries, but made no claim for damage to the automobile.   The bailees settled their actions and gave the defendant releases of all claims for personal injury and property damage resulting from the accident.   In holding that it could not

---

[1] In the case stated it is not said in terms that the defendant had no knowledge of the conditional sale agreement.   All that appears in this respect is that neither the defendant nor Furbush "had any knowledge of the assignment."   We draw the inference that there was no knowledge of the agreement.   G. L. (Ter. Ed.) c. 231, § 126.

be ruled as matter of law that the releases were a defence, it was said, at page 206, "We do not undertake to forecast what we would decide if the bailees had actually claimed and secured satisfaction, with or without judgment, for the full amount of the damage."

The rights of both bailor and bailee to sue for the entire damage to the bailed article are well settled. *Belli* v. *Forsyth*, 301 Mass. 203, 204–205, and authorities cited. Where the bailee recovers, he holds the surplus above the value of his own interest in trust for the bailor. *Rindge* v. *Coleraine*, 11 Gray, 157, 162. *Adams* v. *O'Connor*, 100 Mass. 515, 518. *Finn* v. *Western Railroad*, 112 Mass. 524, 534. *Brewster* v. *Warner*, 136 Mass. 57, 59. *Beacon Motor Car Co.* v. *Shadman*, 226 Mass. 570, 579.

The present question, arising from a concurrence of the rights of bailor and bailee, has been referred to in a few of our other decisions. In *Johnson* v. *Holyoke*, 105 Mass. 80, 81, it was said, "A hirer or other bailee of chattels is entitled, by virtue of his possession, to maintain an action of tort for any injury to them. In such an action, brought with the express or implied consent of the general owner, full damages for the injury to the property may be recovered, and a judgment therein may be pleaded in bar of any like action afterwards brought either by the bailor or by the bailee." In *Finn* v. *Western Railroad*, 112 Mass. 524, a consignor was permitted to recover from a carrier the full value of goods of one Clark which had been lost. At page 534, it was said, "But it is not pretended that Clark has ever brought any suit or made any claim upon the defendant, although knowing of the pendency of this suit, and having testified as a witness in the same; and all claim by him is long since barred. It is to be presumed that he acquiesces in the recovery by Finn. If there were any doubt upon this point, we might order a new trial upon the question of damages only." In *Harrington* v. *King*, 121 Mass. 269, a conditional vendee was allowed to recover for a conversion. At pages 271–272, it was said, "Nor is this result varied by the fact that the general owner had made a demand upon the defendant after his conversion

of the property, which was not complied with. It is settled that a bailee who is responsible over to the owner is entitled to recover the full value of the goods, and that such recovery will be a good bar to an action by the latter." In *Bowen v. New York Central & Hudson River Railroad,* 202 Mass. 263, 269, it was said, "But the plaintiff had as bailee a special property in the fly wheel which is the subject of the action, and so might sue in her own name for the injury to it, and, at any rate, with the consent of the general owner, could recover full damages therefor."

In the case at bar it does not appear that the plaintiff knew of the damage to the automobile or of the settlement made by the bailee. We think, however, that consent and acquiescence of the bailor can no longer be regarded as decisive factors. In a long line of cases the bailee's right to recover has been based upon possession. In addition to cases of this court hereinbefore cited, see *Burke v. Savage,* 13 Allen, 408, 409; *Shaw v. Kaler,* 106 Mass. 448, 449; *Pratt v. Boston Heel & Leather Co.* 134 Mass. 300, 302; *Anthony v. New York, Providence & Boston Railroad,* 162 Mass. 60, 65; *Herries v. Bell,* 220 Mass. 243, 244–245; *New England Box Co. v. C & R Construction Co.* 313 Mass. 696, 707–708. Compare *Field v. Early,* 167 Mass. 449. We, accordingly, are of opinion that mere possession is enough to allow the bailee to recover full damages, and that, where he does, this bars another action by the bailor to recover for the same damage. We are aware that this holding may have some not wholly satisfactory consequences, but nevertheless believe that the consequences of a contrary result would be much more unsatisfactory.

Our holding finds support in the great weight of judicial authority. *The W. C. Block,* 71 Fed. (2d) 682, 683 (C. C. A. 2); certiorari denied sub nomine *Cornell Steamboat Co. v. Scholl,* 293 U. S. 579. *Lowery v. Louisville & Nashville Railroad,* 228 Ala. 137. *Chicago, R. I. & P. Railway v. Earl,* 121 Ark. 514. *Railway Express Agency, Inc. v. Goodman's New York & Connecticut Express Corp.* 129 Conn. 386, 388–389. *Terry v. Pennsylvania Railroad,* 35 Del. 1, 5. *Smith v. Gufford,* 36 Fla. 481, 490. *Grand Rapids*

*& Indiana Railway* v. *Resur*, 186 Ind. 563, 564. *Motor Finance Co.* v. *Noyes*, 139 Maine, 159. *Industrial Investment Co.* v. *King*, 159 Miss. 491, 495. *Woodman* v. *Nottingham*, 49 N. H. 387, 393. *Central Railroad of New Jersey* v. *Bayway Refining Co.* 52 Vroom, 456, 459. *First Commercial Bank* v. *Valentine*, 209 N. Y. 145, 150. *Harris* v. *Seaboard Air Line Railway*, 190 N. C. 480, 484–486. *First National Bank* v. *Union Railway*, 153 Tenn. 386, 390. *Stotts* v. *Puget Sound Traction, Light & Power Co.* 94 Wash. 339. Jones, Chattel Mortgages (6th ed.) § 447a. Story on Bailments (9th ed.) § 94. See *Yrisarri* v. *Clifford*, 32 N. M. 1; *Masterson* v. *International & Great Northern Railway*, (Tex. Civ. App.) 55 S. W. 577. Many of the cases are collected in 118 A. L. R. 1338. See also 6 Am. Jur., Bailments, § 358.

While the bailee's claim was settled without suit, and hence without a judgment against the tortfeasor, we think that, on principle, no distinction should be made on that ground, at least where the full amount of the damage was obtained. Many of the cases from other jurisdictions cited above relate to settlements and releases where there was no judgment. See also 6 Am. Jur., Bailments, § 358; 118 A. L. R. 1344–1346. Compare Restatement: Torts, § 250.

*Order of Appellate Division affirmed.*