*Northern District*

No. 5024

## HARVARD TRUST CO.
### v.
## PETER RACHEOTES

(January 30, 1957)

*Brooks, J.* This is an action of tort to recover damages caused to a motor vehicle owned by Russell S. Leonard and mortgaged to plaintiff. Defendant answered in general denial, contributory negligence and other defenses not material.

The case was submitted upon the following "Agreed Stipulations of Facts and Issues."

"It is hereby agreed by and between the parties as follows:

"1. The plaintiff is a banking corporation duly organized under the laws of the Commonwealth of Massachusetts, with its principal place of business in the City of Cambridge and County of Middlesex in said Commonwealth.

"2. The defendant is an individual, a resident of Arlington in said County of Middlesex. The plaintiff is engaged in the banking business and in the course of the business makes loans, both secured and unsecured to the public.

"3. On April 8, 1955 one Russell S. Leonard granted, sold, transferred and delivered a 1953 Plymouth convertible motor vehicle to the plaintiff, with mortgage covenant all as set forth in a certain chattel mortgage executed by the aforesaid Russell S. Leonard, in the amount of $424.00, a copy whereof is hereto annexed and marked 'A.'

"4. On July 23, 1955, while the aforesaid 1953 Plymouth convertible motor vehicle was in the possession and in control of the mortgagor, Russell S. Leonard and while being operated by him for his own use, not for or in behalf of or on the business of the plaintiff either as agent, servant or employee or otherwise, it collided with a motor vehicle operated by the defendant at the intersection of Washington and Summer Streets, both public highways within the City of Boston, County of Suffolk.

"5. The collision of motor vehicles hereinabove referred was caused by the concurring negligence of the mortgagor, Russell S. Leonard, and the defendant.

"6. On the date of the accident, there was no default on the mortgage and that in any event the plaintiff had not exercised any option specified in the mortgage. The said Russell S. Leonard has at all times up to the present made all payments required under the terms of the chattel mortgage and has at no time been in default.

"7. On the date of the accident there was an outstanding balance on the mortgage due the plaintiff in the amount of $318.00.

"8. By reason of the payment by it to the plaintiff and the mortgagor of the motor vehicle, Russell S. Leonard, of the agreed amount of loss namely $506.11 less $50.00 deductible under the terms of its policy, The Home Insurance Company of New York became subrogated to the rights of the plaintiff for the benefit of said insurer and that a draft issued by the insurer to the plaintiff and to the mortgagor, Russell S. Leonard was duly received and endorsed by them.

"9. The sole issue of law involved is whether by reason of all of the facts hereinabove set forth, the plaintiff as mortgagee of the motor vehicle of Russell S. Leonard which said motor vehicle was damaged in the collision above mentioned, is entitled to recover for damages to the automobile resulting solely from the concurring negligence of the aforesaid Russell S. Leonard and the defendant, and if so, what amount.

"10. If the plaintiff is entitled to a finding in its favor, interest shall be added from the date of the writ.

"11. The automobile was repaired by the Community Motor Sales, Inc. of 424 Adams Street, Milton for $506.11, which amount was fair and reasonable, on or about July 28, 1955. That these repairs returned the automobile to the same condition it was in prior to the accident.

"12. That the repairs were paid for by a check drawn by the Home Insurance Company in the

amount of $456.11 and that the balance of $50.00 was paid directly by Russell S. Leonard.

"13. The premiums for the collision insurance coverage were paid by Russell S. Leonard."

The chattel mortgage attached to the above statement is in the usual form. It is not necessary to set it forth.

No requests for rulings were filed, but plaintiff filed a motion for a finding as follows:

"The plaintiff moves for a finding in its favor upon the Agreed Stipulation of Facts and Issues filed by the parties in said action."

The court entered a finding for the defendant.

Plaintiff claims to be aggrieved by the court's failure to rule on its motion for a finding in its favor, and by the general finding for the defendant entered upon the "Agreed Stipulation of Facts and Issues."

 This being in effect a "case stated," requests for rulings have no standing. The finding of the court is what the aggrieved party appeals from. *Associates Discount Corp. v. Gillineau*, 322 Mass. 490, 491.

 There appears to be no case in Massachusetts deciding whether a mortgagee of personal property damaged by the joint negligence of the mortgagor and a third party can recover against a third party where the mortgagee has been fully compensated for the damage by an insurance company, the actual plaintiff being the insurance company whose claim is by subrogation.

The law now recognizes the right of a bailor to recover for damage to his property even though the bailee is negligent concurrently with a third party. *Belli v. Forsythe*, 301 Mass. 203. This doctrine has been extended to permit a conditional vendor to recover for damages to his property through the concurrent negligence of the defendant and the conditional vendee. *Associates Discount Corp. v. Gillineau*, supra. Query whether the recovery may exceed

the amount of the damage. *Morris Plan Co. v. Hill-crest Farms Dairy, Inc.*, 323 Mass. 452.

Similarly, a mortgagee of real estate may recover for damage to his property either by the mortgagor or a third party. *Chamberlain v. James*, 294 Mass. 1, 8. *Krikorian v. Granton Coop. Bank*, 312 Mass. 271, 277. All these cases proceed on the theory that recovery is based on injury to a reversionary interest and in all these cases there has been damage to that interest.

The above cases differ from the case before us in that here there is mortgaged personal property and there is no damage to the reversionary interest. With regard to the first point there would seem to be no logical reason for distinguishing between the right to sue of a mortgagee of personal property and a mortgagee of real estate.

With respect to the second point, the absence of damage to the reversionary interest, namely the bank, is fatal to plaintiff's claim. Defendant relies on the fact that the real plaintiff, that is to say the one damaged, is the insurance company which had to pay the loss. Still it is not in fact the plaintiff so far as the case goes.

There is another plausible reason for not extending the right of recovery to this case. Russell, whose negligence is the object of the insurance, was himself negligent. Were there no mortgage here, his insurance company could not recover against the defendant. In *Commercial Banking Corp. v. Philadelphia Transp. Co.*, 56 A 2nd 344, the Pennsylvania Superior Court said, "Any recovery by this plaintiff would be as trustee for the bailee and his insurance carrier, but in the absence of actual damage to the bailor to permit recovery in an action which bars the defense of contributory negligence, would be most unfair. It is fundamental that a bailor's right to recover is predicated on damage done to his interest."

*Report is to be dismissed.*

Louis Theran, Alfred A. Albert, for the plaintiff.
Charles E. Colson, Merritt P. Aldrich, John F. Flynn, for the defendant.