*Western District*

No. ...................

GEORGE J. MIZHER, JR.

v.

MARGARET McINNIS

*Present*: Riley, P. J. and Hobson, J.

Case tried to *Penan, Sp. J.,* in the District Court of Winchendon.

*Hobson, J.* This is an action of tort in which the plaintiff, a gratuitous bailee of an automobile from the owner, his sister, seeks to recover for damages to the vehicle caused by the defendant, whom he allowed, also as a gratuitous bailee, to take the automobile to drive same to Winchester, Massachusetts, to enable her to visit friends. The answer is a general denial, contributory negligence and assumption of risk on the part of the plaintiff and violation of certain statutes governing the conduct of the parties at the time said injury or damage was suffered.

The report recites the evidence offered at the trial and contains the following statement of the trial judge's findings of facts:

"I find that the owner of the automobile involved in this case was Lillian Fallon of Winchendon, Massachusetts; that

the owner was the sister of the Plaintiff in this action; that the sister let the brother use the car in an unlimited manner whenever he desired to use it and that he had possession and control of the automobile prartically all of the time; that on the day the car was damaged the Plaintiff had possession and control of the automobile as a gratuitous bailee from his sister, the owner. He in turn allowed and gave consent to the Defendant in this action to take and drive the car in order that she might go see some of her friends in Winchester, Massachusetts; that the use of the car by the Defendant was for her own purposes and benefit and not for the benefit of the Plaintiff; that she took the car from Winchendon, Massachusetts and, while driving alone on Route 2 which at the place of the accident was a four lane highway and about one-half mile east of the Shirley-Lancaster Road, she passed a car on its right which was proceeding in the same direction as she was, towards Boston; that her car, as she passed the above-mentioned car, went on to the right hand shoulder of the east bound lanes, then turned and crossed both east bound lanes, went across the center strip of the four lane highway, crossing also both west bound lanes and proceeded about seventy feet into a rocky and wooded area north of the west bound lanes; that at the time the car was damaged, the Defendant who was operating the damaged car was not licensed to operate motor vehicles; that the Plaintiff had no knowledge that she did not hold a driver's license; that at the time that the Defendant was driving the automobile subsequently damaged she was in possession of that automobile as a gratuitous bailee from the Plaintiff, who in turn was a gratuitous bailee from the owner of the car, his sister.

I find that the damage to the automobile that the Defendant was driving was not caused by any collision with any other automobile or by the negligent operation of any other automobile but was caused by the negligence of the Defendant.

I find for the Plaintiff in the sum of Five Hundred and seventy-eight ($578.00) Dollars."

The defendant seasonably made the following requests for rulngs:

1. The evidence does not warrant a finding that the Defendant was negligent.
2. The evidence warrants a finding that the Plaintiff did violate the provisions of General Laws, Chapter 90, Section 12.
3. The evidence warrants a finding that the Plaintiff was guilty of contributory negligence.
4. In the absence of contract increasing the liability of a bailee he is not liable for loss or damage without his fault.
5. On all the evidence and the law this Court must find for the Defendant.

The trial judge denied requests numbered 1 and 5 and allowed those numbered 2, 3 and 4.

The defendant claims to be aggrieved by the denial of her requests for rulings numbered 1 and 5 and by the finding for the plaintiff, as being inconsistent with the granting of defendant's requests numbered 2, 3 and 4.

 A bailee, who negligently injures or damages property entrusted to him, is liable to the party to whom the law gives a right of action therefor. Therefore, the first issue to be determined is the one raised by the defendant that she is aggrieved by the denial of her request numbered 1, that the evidence did not warrant a finding that she was negligent.

 The evidence amply warranted the finding of the trial judge that the defendant was negligent. She was operating the car without having a license in violation of G. L. c. 90, §8. This violation was evidence of

negligence. *Bourne v. Whitman*, 209 Mass. 155; *Holland v. Boston*, 213 Mass. 560. She passed a motor vehicle traveling in the same direction on the right, rather than on the left of such other vehicle, in violation of G. L. c. 89, §2. This violation was also evidence of negligence. *Damon v. Scituate*, 119 Mass. 66; *McGourty v. DeMarco*, 200 Mass. 57; *Mansell v. Larsen*, 311 Mass. 607. Further, from the way and manner the trial judge found that the defendant operated the car, namely, going onto the right hand shoulder of the east bound lanes, while passing the other car, then turning and crossing both east bound lanes, then crossing the center strip of the four lane highway and both west bound lanes and after that proceeding about seventy feet into a rocky and wooded area north of the west bound lanes, he was warranted in finding that her speed was greater than was reasonable and proper, and that on the evidence and facts found by him she operated the automobile in a way and manner that the average reasonably prudent and careful person would not have done and therefore the defendant was negligent.

We now consider the contention of the defendant that the action of the trial judge in finding for the plaintiff was inconsistent with his allowance of defendant's request numbered 3, that the evidence warranted a finding that the plaintiff was guilty of contributory negligence. We do not agree with this contention. True, the plaintiff allowed the defendant, who was unlicensed, to drive

the automobile. This constituted a violation of G. L. c. 90, §13, even though he did not know that the defendant had no license. *LeBlanc v. Pierce Motor Company,* 307 Mass. 535. It is settled by *Conroy v. Mather,* 217 Mass. 91, that the plaintiff's violation of this statute is some evidence of negligence, but in *Griffin v. Hustin,* 234 Mass. 95, it was held that it could not be ruled that such negligence alone directly contributed to the plaintiff's injuries so as to preclude him as a matter of law from recovering. It is implied in his finding for the plaintiff that the trial judge found that the accident which caused the damages to the automobile was a remote result of the plaintiff's violation of this statute, and that said violation was not the proximate cause thereof. This case is to be distinguished from *Gordon v. Bedard,* 265 Mass. 408. In that case the defendant testified that he knew that his son had no license to operate the truck and it was held that a finding was warranted that the defendant reasonably should have anticipated the likelihood of negligent operation of the truck by the son. In the instant case, the only evidence on this point was that the plaintiff did not know that the defendant had no license to operate motor vehicles and that the defendant had told him that she did have such a license.

▆▆ Where a trial judge allows a ruling that the evidence "warrants" a finding for a party, plaintiff or defendant, he is not bound thereby to find accordingly. As is said in *Mastercraft Wayside Furniture Co. v. Sight-*

*master Corporation,* 332 Mass. 383, 387, in allowing such a request, the judge was merely stating a rule of law by which he was guided. In *Hoffman v. Chelsea,* 315 Mass. 54, 56, the Court says that a ruling that the evidence warranted a finding for the defendant would not be inconsistent with a finding for the plaintiff.

Lastly, the defendant contends that the trial judge, after allowing defendant's request numbered 4, that in the absence of contract increasing the liability of a bailee he is not liable for loss or damage without his fault, erred in denying defendant's request numbered 5, on all the evidence and the law this court must find for the defendant. The defendant contends that as there was no evidence whatsoever of any contract between the plaintiff and the actual owner of the vehicle, if the vehicle was damaged without the plaintiff's fault, there is no liability on his part to the actual owner and he therefore has suffered no damage and cannot in this action recover from the defendant. This contention is not sound. Both bailor and bailee have a right to sue for the entire damage to a bailed article. *Associates Discount Corp. v. Gillineau,* 322 Mass. 490. The bailor's right to sue is based upon the fact that he is the owner of the bailed article. The bailee's right to sue is predicated not upon any liability on his part to the actual owner, but upon the law which says that mere possession of a bailed article is enough to allow bailee to recover full damages against a third party, and where he does, such re-

covery bars another action by bailor to recover against the third party for the same damage, consent and acquiescence of the bailor in the suit not being a decisive factor. *Associates Discount Corp. v. Gillineau, supra.* This rule of law is based upon the reason that inasmuch as the bailee is entitled to the possession and use and benefit of the bailed article, he suffers actual damage, when through the fault of a third party he loses possession of, or the use, benefit and enjoyment of, the bailed article.

It is not out of place to note that where a bailee recovers damages to a bailed article, he holds any surplus above the value of his own interest in trust for the bailor.

On the authority of the case of *Associates Discount Corp. v. Gillineau,* supra, we hold that the trial judge did not err in denying defendant's request numbered 5 after allowing her request numbered 4, and that on the facts as found by him and applicable law, the finding for the plaintiff was proper.

No error having been found on the part of the trial judge, the report should be dismissed.