*Southern Division*
No. 19104

**TOWN OF CANTON**

v.

**LEWIS H. MILLER, EXECUTOR**

Argued: April 1, 1968  Decided: Aug. 9, 1967

*Present:* Nash, C.J. Cox, J. *Lee, J.

Case tried to *Sullivan, J.*, in the District Court of Southern Norfolk No. 19104

*Lee, J.* This is an action of contract brought under G.L. (Ter. Ed.) c. 118A, §4A. The plaintiff town seeks to recover $1,045.03 from the estate of a person who had been receiving old age assistance under said chapter.

The case was stated by counsel upon agreed facts and the submission of exhibits. The court found for the plaintiff in the sum of $1045.03.

*The agreed facts showed that* between May 1, 1961 and November 30, 1964 the plaintiff had paid $3,357.33 to John F. McCarthy under said Chapter 118A. The plaintiff, during McCarthy's lifetime, had duly placed a lien on his realty under said chapter.

John F. McCarthy died on November 30, 1964. On January 6, 1965 his will was duly allowed for probate in Norfolk County Probate Court. On the same day, the defendant was duly appointed executor thereunder and duly qualified by filing his bond.

On May 20, 1965 the executor filed his inventory with the probate court showing that at the time of his death the testator had $1,545.03

in personal property consisting of savings deposits in various savings banks, trust companies, postal savings; and real estate scheduled as "approximately 15,587 square feet of land with frame dwelling thereon at 19 Danforth Street, Canton, Massachusetts, subject to Old Age Assistance Lien, so-called, Town of Canton — Statutory exemption $1500.00."

The executor had paid $74.50 for entry fees of the probate petition and bond and for notices, publication, and appraisal. On January 21, 1965, he paid the funeral bill of $948.45. The executor placed fire insurance coverage on the dwelling. On April 1, 1965, he paid $34.00 for the cost of fire insurance coverage he had placed on the dwelling.

On June 1, 1965, the executor found a purchaser for the real estate and a purchase and sale agreement was entered into for $3500.00. On June 2, 1965, the executor filed a petition for license to sell, having paid $5.00 for entry fee of that petition, and duly gave notice of this petition to the plaintiff town and to all other parties interested. This petition was duly allowed and papers were passed on July 15, 1965. On the passing of papers, the estate was charged with its proportionate share of the water charges of $40.50, its proportionate share of municipal taxes of $93.60, the amount of $8.15 for revenue stamps affixed to the deed and $4.00 for the recording of the discharge of the plaintiff's lien. The amount of $2000.00 was

turned over to the plaintiff town for the discharge of its lien, and the net balance of $1353.75 was turned over to the estate.

On August 2, 1965, the executor paid four small bills for a total of $60.82 for necessaries furnished the testator within the six months last preceding his death. The total expenditures were $3,269.02 leaving a balance on hand of $1,776.01.

The plaintiff instituted this action by writ dated August 2, 1965; served the Executor on August 3, 1965; and entered the writ on the return day of August 30, 1965. Prior to the commencement of this action, no notice of demands or of the plantiff's claim was filed in the registry of probate and no such notice was given to the executor.

This being a case submitted on an agreed statement of facts amounts to a case stated and no requests for rulings of law were proper and should have been considered by the trial justice. Therefore we take no action as to them but only as to the appeal from the finding of the court. *Associates Discounts Corporation* v. *Gillineau,* 322 Mass. 490, 491; *Howland* v. *Stowe,* 290, Mass. 142, 146.

The gist of this case apparently turns on an interpretation of Chapter 118A of the General Laws of Massachusetts and Section 4A in particular. We think the intent of the legislature is abundantly clear as set out by the Supreme Court in the *Medford* v. *Quinn, individually*

*and as executors et ali,* 1967 A-S, 271, 274, where it said "The purpose of old age assistance legislation is to provide for the immediate needs of the recipient with the expectation that the town will be later reimbursed from the property of the recipient at a time when a hardship will be avoided."

See also *Osborne* v. *Town of Lancaster,* 345, Mass. 164, 165.

The town is not bound by laches in enforcing its lien. *Tisbury* v. *Hutchinson,* 338, Mass. 514, 516.

The defendant executor has raised some legal niceties in this case, but we feel that the overall purpose of the Legislature under Chapter 118A of the General Laws is most evident as set out in the prevailing language of the Supreme Court in the cases cited negates any of these objections.

There being no prejudicial error, the **finding of the trial justice is affirmed.**

EUGENE J. GALLIGAN, of Canton
    for the Plaintiff
LEWIS H. MILLER, of Brockton
    for the Defendant