PRIORITY FINISHING CORPORATION *vs.* LAL CONSTRUCTION
Co., INC., & another.[1]

No. 95-P-134.

Bristol. April 30, 1996. - July 15, 1996.

Present: BROWN, PORADA, & IRELAND, JJ.

*Negligence,* Economic loss. *Bailment,* Raw fabrics. *Actionable Tort. Electricity.*

The economic loss doctrine did not bar a plaintiff from maintaining an action for damages incurred when, on two separate occasions, utility service to its manufacturing plant was cut off due to the defendants' alleged negligence, where the plaintiff's losses were derived from physical harm to property of which the plaintiff was bailee, for which the plaintiff had reimbursed the owner and for which the plaintiff thus had a right to recover. [721]

CIVIL ACTION commenced in the Superior Court Department on May 28, 1991.

The case was heard by *John M. Xifaras, J.,* on motions for summary judgment.

*Thomas M. Elcock* for the plaintiff.

*Warren D. Hutchison* for Tibbetts Engineering Corporation.

*Mark R. Karsner* for LAL Construction Co., Inc.

PORADA, J. The principal issue presented by this appeal is whether the economic loss doctrine[2] barred the plaintiff from maintaining an action for damages incurred when, on two separate occasions, utility service to its manufacturing plant

---

[1]Tibbetts Engineering Corp.

[2]The economic loss doctrine provides that when a defendant interferes with a contract or economic opportunity due to negligence and causes no harm to either the plaintiff's person or property, the plaintiff may not recover for purely economic losses. *Garweth Corp.* v. *Boston Edison Co.*, 415 Mass. 303, 305 (1993).

was cut off due to the defendants' alleged negligence. A Superior Court judge found that the economic loss doctrine did bar the plaintiff's action and allowed the defendants' motions for summary judgment. We reverse.

We summarize the undisputed facts. The plaintiff is in the business of custom dyeing and finishing raw fabrics at its plant in Fall River. The raw fabrics known as "greige goods" are not owned by the plaintiff but are supplied by clothing manufacturers who specify the amount of yardage to be returned to the manufacturer in a particular color, shade, or tint. The dyeing process requires precision in chemical composition, temperature, and timing.

In December, 1989, while the plaintiff was in the process of dyeing approximately 150,000 square yards of fabric, the electricity to its plant was cut off for more than six hours when employees of the LAL Construction Co., Inc. (LAL), severed a power line during construction work for the city of Fall River. The plaintiff alleges that the incident occurred as a result of the concurrent negligence of LAL, the general contractor for the construction project, and Tibbetts Engineering Corp. (Tibbetts), the project's supervising engineer.

In March, 1990, a water main serving the plaintiff's plant was ruptured during the same construction project. As a result, the plant lost its water supply for four hours. During this period, the plaintiff's dye baths became filled with dirt, rust particles, and other contaminants which damaged the approximately 150,000 to 200,000 square yards of cloth being processed. The plaintiff also attributed this damage to the combined negligence of LAL and Tibbetts.

The plaintiff reimbursed each of the clothing manufacturers for the value of the greige goods that were damaged by these incidents by crediting their accounts with the fabrics' replacement and shipping costs. The plaintiff also reprocessed the fabric that was damaged by running it through the dyeing and finishing process again in an attempt to salvage it. As damages, the plaintiff sought to recover the fair market value of the damaged fabric which it had credited to its customers, the cost of reworking the fabric, and the money it would have earned for dyeing and finishing the fabric if the damage had not occurred.

Massachusetts follows the traditional rule that "purely eco-

nomic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage." *FMR Corp.* v. *Boston Edison Co.*, 415 Mass. 393, 395 (1993). The defendants contend that this rule should bar the plaintiff from recovery because the plaintiff was merely a bailee of the damaged property, and therefore sustained no damage to property which it owned.

The parties do not dispute that the plaintiff was a bailee of the damaged goods. A bailee is entitled to sue a third party who causes injury to or the loss of the bailed property in its possession. *Associates Discount Corp.* v. *Gillineau*, 322 Mass. 490, 493 (1948). This right is premised on the fact that while the bailee does not own the bailed property, his possessory interest is sufficient to maintain an action for damages. *Ibid.* Here, the plaintiff not only sustained damage to the bailed fabrics in its possession but also reimbursed the owners of the fabrics for their replacement value. In these circumstances, we conclude that the economic loss doctrine does not apply because the plaintiff's pecuniary losses are derived from physical harm to property for which the plaintiff has a right to recover. See *Newlin* v. *New England Tel. & Tel. Co.*, 316 Mass. 234, 237 (1944) (plaintiff had the right to sue the defendant in negligence for damages resulting from the disruption in electrical service to its mushroom plant caused by the alleged poor maintenance of a telephone pole which fell and cut off electrical service to the plant, resulting in the destruction of the plaintiff's mushroom crop). See also Restatement (Second) of Torts § 766C comment b (1979). Compare *Stop & Shop Cos.* v. *Fisher*, 387 Mass. 889, 893-894 (1983) (plaintiff could not recover in negligence against the defendants whose vessels were alleged to have negligently collided with a bridge causing it to be closed for two months, resulting in a decline of plaintiff's business revenues caused by impaired customer access to its stores). Accordingly, we hold that the plaintiff is entitled to maintain this action and to recover any pecuniary losses proximately caused by the defendants' alleged negligence.

*Judgment reversed.*