Welch, J.
BACKGROUND
The plaintiff, Gateway Condominium Trust, filed this action seeking restitution for damages to a condominium complex that was designed and constructed by the defendants. In accordance with Rule 56 of the Massachusetts Rules of Civil Procedure, defendant Thomas Rona Associates, Inc. filed a motion for summary judgment claiming that the suit is barred by the statute of repose and the economic loss rule. For the following reasons, the defendant’s motion for summary judgment is denied.
FACTS
The plaintiff, Gateway Condominium Trust (“Gateway”) is the governing entity of the condominium complex at issue in this case. The complex consists of two buildings, one of which is referred to as the “High Rise Building.” Defendant Rona Associates, Inc. (“Rona”) supplied structural engineering services for the High Rise Building.[1]
Three documents purporting to be certificates of completion on the High Rise Building were executed by various players on August 8, 1988, August 12,1988 and March 13, 1989. The City of Beverly issued the final occupancy certificate for the High Rise Building on April 23, 1991.
In or about September 1992, the window frames of the High Rise Building separated from the brick veneer, exposing the condominium units to water and air seepage.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial can demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
STATUTE OF REPOSE
Pursuant to Chapter 260, §2B, no tort action for damages arising from the alleged negligence in the design, planning or construction of an improvement to real property shall be commenced more than six years after the earlier of (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner. Amendments to a complaint do not relate back in calculating the six year period under the statute of repose. Tindol v. Boston Housing Authority, 396 Mass. 515, 517-18 (1986).
The defendant argues that where all of the certificates of completion were executed prior to May 24, 1989, the cause of action against Rona is untimely. The plaintiff, however, counters that the fact that an occupancy permit could not be obtained until April 23, 1991, indicates that the building was not substantially completed until a later date. On the record before this court, there are material issues in dispute over the date on which the High Rise Building was substantially completed. Therefore, the defendant’s motion for summary judgment on the assertion that the claim is barred by the statute of repose is denied.
ECONOMIC LOSS DOCTRINE
“Traditionally, the economic loss rule provides that, when a defendant interferes with a contract or economic opportunity due to negligence and causes no harm to either the person or property of the plaintiff, the plaintiff may not recover for purely economic losses.” Garweth Corp. v. Boston Edison Co., 415 Mass. 303, 305 (1993). In the absence of personal injury or physical damage to property, in an action for negligence, the negligent supplier of a defective product is not ordinarily liable for simple pecuniary loss. McDonough *134 v. Whalen, 1 Mass.App.Ct. 573, 577 (1973). Economic loss in that context has been defined to include “damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits without any claim of personal injury or damage to other properly .,. .” Marcil v. John Deere Industrial Equipment Co., 9 Mass.App.Ct. 625, 630 n.3 (1980).
There is no appellate authority for extending the economic loss rule’s application in defective product cases under the Uniform Commercial Code to actions involving the provision of professional services rendered in connection with improvements to real property. Therefore, the economic loss rule is inapplicable to the present action.
Even if this court were to extend the economic loss rule’s application to the provision of professional services in this situation, the plaintiff has suffered properly damage to the High Rise Building which would take its claim for repair and replacement costs outside the scope of the rule.
Gateway is not seeking reimbursement for any alleged inability to fill the units. Rather, Gateway is seeking the repair and replacement costs of the windows and walls that has caused water and air seepage into the units. Unlike the defendant in Marcil, Rona did not supply an allegedly defective product, it supplied an allegedly defective engineering plan which caused property damage to the windows and brick veneer. It is the design that was allegedly defective. Gateway is not seeking money solely to draft a new structural design, but rather, the cost of fixing the resulting property damage. Thus, Gateway is not seeking purely economic losses and the economic loss rule does not apply.
Even if the actual damage to the windows and walls themselves did not constitute sufficient physical damage to the property, the water and air seepage into the units does. McDonough, supra at 511-13 (recovery allowed where sewage flow onto property from defectively designed septic system constituted the necessary physical damage).
The defendant puts forth the argument that Gateway cannot rely on any damage to the interior of the units to overcome the economic loss doctrine where its authority to litigate is limited to issues affecting the common areas of the complex. G.L.c. 183A §10(b)(4); Golub v. Milpo, Inc., 402 Mass. 397, 401 (1988). This court finds that Gateway’s ability to recover for the property damage to the units does not bar the use of the interior damage to overcome the economic loss doctrine.
Adopting the defendant’s logic on this point would absolve those providing professional services from liability for faulty work performed on the infrastructure of a building based on the peculiar relationship between individual units and common areas. In that Catch-22, a condominium trust cannot recover because it lacks standing to use the interior damage to overcome the economic loss rule and the individual units owners lack standing regarding the infrastructure because it is a common area. ”[T]here is no sound reason for why the defendant!] should be allowed to escape liability for the total cost of repairs by using the statutory scheme [of Chapter 183A] as a device to divide up ownership of the building.” Glickman v. Brown, 21 Mass.App.Ct. 229, 236 (1985).
For the aforementioned reasons, the economic loss rule is inapplicable to the case at bar. Moreover, even applying the rule, the actual damage to the windows and brick veneer and the subsequent water and air seepage into the units constitutes sufficient property damage. Therefore, the defendant’s motion for summary judgment on this issue is denied.
ORDER
For the above reasons, it is hereby ORDERED that the defendant’s motion for summary judgment is DENIED.

 The complaint was originally filed on August 29, 1994. Defendant Rona was added as a party on May 24, 1995.