Cowin, J.
INTRODUCTION
On October 21, 1992, plaintiffs, trustees of the Captain’s Cove Condominium Trust, brought suit against the defendants, SPQR Management Associates, Inc., Ispo, Inc., Pleko East, Inc., Waltham Lime and Cement Co., Paul Ricciardi, Paul F. Ricciardi, Stephen C. Ricciardi, George E. Ross, Philip S. Winsor, Richard Powers, Liberty Architectural Sales, Inc., Acorn Window Company, Inc. and New England Building Components/Boston, Inc., for breach of contract, breach of warranty, breach of fiduciary duty and negligence. On October 29, 1996, this matter came before the Court on the motions for summary judgment of Philip S. Winsor, New England Building Components/Boston, Inc. and Waltham Lime & Cement Co.[3] For the reasons discussed below, the motion for summaryjudgment of Philip S. Winsor is ALLOWED[4] in part and DENIED in part. The motions for summary judgment of New England Building Components/Boston, Inc. and Waltham Lime & Cement Co. are DENIED.

BACKGROUND

The claims in this suit stem from the alleged improper design and installation of the building facade systems, windows and roofs for two high-rise condominium buildings, known as Captain’s Cove, located in Quincy, Massachusetts.
After the condominiums were completed, both buildings sustained water damage allegedly as a result of leakage through the exterior wall system. The exterior walls of both buildings are covered with a facade known as an Exterior Insulation Finish System (EIFS). The EIFS facade on the buildings consists of a thin layer of stucco, reinforced with glass fiber mesh, which is applied to expanded polystyrene insulation boards. The installation boards are glued to back-up materials consisting largely of exterior gypsum sheathing screwed to steel studs. Caulking in the EIFS is used to prevent water penetration between the panels of insulation board and at junctures with penetrations, such as windows, doors and vents.
The EIFS for the first building was specified by the architect, George E. Ross, manufactured by IPSO, Inc., distributed and supplied for use by Liberty Architectural Sales, Inc. and installed by SPQR. The EIFS for the second building was specified by the architect, Philip S. Winsor, manufactured by Pleko East, Inc., distributed and supplied for use by Waltham Lime and Cement Co. and was installed by SPQR. The windows and sliding glass doors on both buildings were manufactured by Acorn Window Company, Inc. and were marketed and distributed by New England Building Components/Boston, Inc.[5]
The plaintiffs allege that the EIFS facade on both buildings was defective in application, design, workmanship and installation causing serious water penetration through the EIFS. Simply put, the facades on both buildings do not keep water outside the buildings. Accordingly, the plaintiffs claim that they suffered substantial property damage.

DISCUSSION

Summary judgment is granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and of establishing “that the summary judgment record entitles the moving party to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party then must respond by articulating specific facts which establish the existence of a genuine issue of material fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
I. Negligence Claims
In Count III of the complaint, the plaintiffs allege that Philip S. Winsor (Winsor), the architect who designed the second building, negligently specified the type of EIFS facade for the building which resulted in substantial damage to the plaintiffs’ property. In support of his motion for summary judgment, Winsor argues that the plaintiffs’ negligence claim is barred by the economic loss doctrine because the plaintiffs *312 fail to allege property damage or personal injury and only seek damages for the costs of repair and replacement of defective property.
Massachusetts follows the traditional rule that “purely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage.” Priority Finishing Corp. v. LAL Construction Co. Inc., 40 Mass.App.Ct. 719, 720-21 (1996) quoting, FMR Corp. v. Boston Edison Co., 415 Mass. 393, 395 (1993). However, the economic loss doctrine does not bar recovery when “(t]he plaintiffs pecuniary losses are derived from physical harm to property for which the plaintiff has a right to recover as long as the loss is a result of physical damage to the plaintiffs property. See Newlin v. New England Tel. & Tel. Co., 316 Mass. 234, 237 (1944) (plaintiff had the right to sue the defendant in negligence for damages resulting from the disruption in electrical service to its mushroom plant caused by the alleged poor maintenance of a telephone pole which fell and cut off electrical service to the plant, resulting in the destruction of the plaintiffs mushroom crop). See also Restatement (Second) of Torts §766C comment b (1979). Compare Stop & Shop Companies, Inc. v. Fisher, 387 Mass. 889, 893-94 (1983) (plaintiff could not recover in negligence against the defendants whose vessels were alleged to have negligently collided with a bridge causing it to be closed for two months, resulting in a decline of plaintiffs business revenues caused by impaired customer access to its stores).” Priority Finishing Corp., 40 Mass.App.Ct. at 721.
The plaintiffs make repeated allegations in the complaint that they suffered severe damage to their property as a result of the defendants’ negligence. Specifically, the plaintiffs claim that both buildings are subject to serious water penetration through the EIFS because the EIFS facade on the buildings is defective and inadequate in the coastal New England climate to prevent water penetration and resulting damage, including failure of the facade. Moreover, the plaintiffs allege that the windows and sliding glass doors on both buildings were defective and inadequate to prevent water penetration and the resulting damage to the buildings. The defendants do not fault plaintiffs for a lack of evidence as to property damage; rather, the defendants simply argue that the economic loss doctrine precludes recovery in this case. I conclude, however, that the economic loss doctrine does not apply here because the plaintiffs’ pecuniary losses are derived from physical harm to their property.[6]
Accordingly, the defendants’ motions for summary judgment on Counts III, IX, X, XX and XXI are denied.
II. Contract Claim
In Count IV, the plaintiffs seek damages as third-party beneficiaries to the contract between Captain’s Cove Trust[7] and Winsor for the design of the second building at Captain’s Cove. In support of his motion for summary judgment, Winsor argues that the plaintiffs were not third-party beneficiaries of the agreement.
In Massachusetts, ”[t]he condominium is managed by the ‘[o]rganizaüon of unit owners,’ defined in G.L.c. 183A, § 1, as ‘the corporation, trust or association owned by the unit owners and used by them to manage and regulate the condominium.’ In this case that organization is a trust. The trustees are empowered by statute ‘[t]o conduct litigation and to be subject to suit as to any course of action involving the common areas and facilities.’ ” Golub v. Milpo, Inc., 402 Mass. 397, 400-01 (1988), quoting, G.L.c. 183A, §§1, 10(b)(4) (1986 ed.). “Common areas and facilities” include the “(p]arty walls, common walls, [and] main walls ... of the building.” G.L.c. 183A, §1. Accordingly, the alleged defective facade specifically chosen by Winsor in the design plans for the building is encompassed within the statutoiy definition of common areas and facilities of the condominium. Therefore, any claims involving these areas of the condominium are specifically reserved for the trust.
Although the plaintiffs are not the original trustees of Captain’s Cove Condominium Trust who entered into the contract with Winsor, as subsequent trustees they are entitled to bring suit on behalf of the trust. It is irrelevant that the trustees have changed since the time the contract was created between the Captain’s Cove Trust and Winsor. The trust is an independent entity and the trustees are merely bringing the claim on behalf of the trust in their official capacities.
Therefore, I do not view the plaintiffs as third-party beneficiaries but rather the plaintiffs are in effect the original contracting party. Thus, the issue of whether the law permits this type of claim by third-party beneficiaries is moot. Accordingly, summary judgment is denied on Count IV.

ORDER

For the foregoing reasons, it is hereby ORDERED that Philip S. Winsor’s motion for summary judgment is DENIED on Counts III and IV of the plaintiffs’ complaint and is ALLOWED on Pleko East, Inc.’s cross-claim for indemnification and contribution. Waltham Lime and Cement Company’s motion for summary judgment on Counts IX and X of the plaintiffs’ complaint is DENIED. New England Building Components/Boston, Inc.’s motion for summary judgment on Counts XX and XXI of the plaintiffs’ complaint is DENIED.

 Philip S. Winsor seeks summary judgment on counts III (negligence) and IV (breach of contract) and on defendant Pleko’s cross-claim involving indemnification and contribution. Waltham Lime and Cement Co. seeks summary judgment on counts IX (negligence) and X (breach of warranty). New England Components/Boston, Inc. seeks summary *313 judgment on counts XX (negligence) and XXI (breach of implied warranty of merchantability).

 Winsor moves for summary judgment on Pleko East, Inc.’s cross-claim for indemnification and contribution. Since Pleko East, Inc. did not file an opposition to Winsor’s motion for summary judgment and did not appear at oral argument, Winsor’s motion is allowed on the cross-claim.

 The motions for summary judgment before the Court are those of Philip S. Winsor, New England Building Components/Boston, Inc. and Waltham Line and Cement Co. Thus, all the moving parties are associated with the second building only.
In support of their motions for summary judgment, the defendants Waltham Lime and Cement Co. and New England Building Components, Inc. refer to and incorporate the discussion and legal arguments set forth in the memorandum in support of Winsor’s motion for summary judgment. Accordingly, the outcome of all the motions is dependent upon the result in Winsor’s motion.

 In support of his motion for summary judgment, Winsor relies, in part, on a Superior Court decision which barred condominium trustees, who sought recovery from the architects and engineers of a condominium for their negligence in designing the condominium, from recovering for the cost of repairing and replacing defective portions of the condominium common areas. See Seal Harbor III Condominium Trust v. Vecchio, Civil No. 93-4535-C (Suffolk Super. Ct. February 16, 1995). Winsor argues that this decision extended the economic loss rule in Massachusetts to prohibit recovery for costs of repair and replacement of defective property. I disagree with Winsor’s interpretation of this decision. However, even if this decision does extend the Massachusetts concept of the economic loss doctrine, I decline to do so. See also Gateway Condominium Trust v. Clinton, Civil No. 941931A, 6 Mass. L. Rptr. 133 (Essex Super. Ct. November 7, 1996).

 Ricciardi Co. Inc. was the developer for both buildings at Captain’s Cove Condominium. Paul Ricciardi, Paul F. Ricciardi and Stephen C. Ricciardi served as original trustees for the condominium. The agreement between the owner and the architect of Captain’s Cove Condominium Phase II was signed by Stephen C. Ricciardi, as owner of the Captain’s Cove Trust, and Winsor, as architect.