Fremont-Smith, Thayer, J.
The plaintiffs ask the court to reconsider the grant of summary judgment [23 Mass. L. Rptr. 683] to the defendant Paul D. Maloy (“Maloy”). As ground for their motion, plaintiffs argue that it was foreseeable that the defendant’s faulty plans would injure or cause diminution in the plaintiffs’ property value, which would be more than mere economic loss. In support of the proposition that the plaintiffs’ property value was lessened by Maloy’s faulty plans, the plaintiffs have provided deposition testimony of Thomas Brennan (“Brennan”). In his deposition testimony, Brennan states that the property diminished in value because it was undesirable to buyers due to Maloy’s defective plans which angled the property, rather than developing it as square plots. Brennan contends that this design error led to a depreciation of approximately $50,000, as appraisers assured him that the units would sell for $425,000-$430,000 and they instead sold for approximately $380,000. The plaintiffs have also provided an affidavit from a realtor with respect to his opinion of the diminution in value of the property as a result of alleged design error as well as the stigma associated with delays in construction.[2] In essence, the plaintiffs argue that due to Maloy’s negligence, the property diminished in value at least in part because of a design error. The defendant contends that diminution in property value is purely economic loss for which there can be no recovery in a negligence action.
In Massachusetts, negligence is a strict liability claim, “which in the absence of personal injury or property damages, [is] barred by the economic loss doctrine.” Hooper v. Davis-Standard. Corp., 482 F.Sup.2d 157, 159 (D.Mass. 2007); Marcil v. John Deere Indus. Equip. Co., 9 Mass.App.Ct. 625, 630 n.3 *102 (1980). “Purely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injuiy or property damage.” FMR Corp. v. Boston Edison Co., 415 Mass. 393, 395 (1993); Priority Finishing Corp. v. LAL Constr. Co., Inc., 40 Mass.App.Ct. 719, 720 n.2 (1996) (“the economic loss doctrine provides that when a defendant interferes with a contract or economic opportunity due to negligence and causes no harm to either the plaintiffs person or property, the plaintiff may not recover for purely economic losses”). Economic loss has been defined as “damages for inadequate value, costs or repair and replacement of the defective product or consequent loss of profits without any claim of personal injury or damage to other property.” Marcil, supra.
There are, however, two exceptions to the economic loss doctrine. First, a plaintiff may recover if there has been an intentional or negligent misrepresentation and the action has resulted in a loss that is economic in nature, even if there is no privity between the parties, as long as the design professional knew or reasonably could foresee a third person would rely on his services. Nota Constr. Co. v. Keyes Assoc., Inc., 45 Mass.App.Ct. 15, 20 (1998) (subcontractor Nota’s claim against Keyes, an architectural firm, for negligent misrepresentation in plans for the construction of an elementary school, was not barred under the economic loss doctrine, because “an exception to the doctrine permits recovery for economic losses resulting from negligent misrepresentation”). Plaintiffs have asserted no claim for negligent misrepresentation here.
Second, the economic loss doctrine has been extended to cases where physical injury to the property of the plaintiff rather than personal injury was involved. Plaintiffs have a right to recover where losses sustained by the plaintiff result from physical harm to property proximately caused by the defendant’s alleged negligence. See Guaranty-First Trust Co. v. Textron, Inc., 416 Mass. 332, 335 (1993) (holding Bank suffered a recoverable economic loss directly resulting from physical damage to its real property that had been contaminated with hazardous material); McDonough v. Whalen, 365 Mass. 506, 512-13 (1974) (imposing liability on septic system designer where negligence caused physical damage to property in the form of sewage flowing over land); Newlin v. New England Tel. & Tel. Co., 316 Mass. 234, 237 (1944) (plaintiff had a right to sue defendant in negligence where alleged poor maintenance of telephone pole caused it to fall, disrupting electrical service to mushroom plant and resulting in destruction of plaintiffs mushroom crop); Priority Finishing Corp. v. LAL Constr. Co., 40 Mass.App.Ct. 719, 721 (1996) (bailee of damaged goods entitled to maintain cause of action for physical harm to property). This exception to the economic loss doctrine applies only to damages to tangible property, and evidence ofsuch damages is not supported by the record in this case.
Courts have not allowed recovery for diminution of property value in a negligence action under the economic loss theory. Sebago, Inc. v. Beazer East, Inc., 18 F.Sup.2d 70, 89-95 (D.Mass. 1998). For example, in Sebago, the plaintiffs alleged that a thermal insulation product (“PFRI”) that had been installed in the roofs of buildings owned by the plaintiffs, including a shopping center, was defective. The plaintiffs sued the manufacturers of the PFRI, alleging that the defective PFRI caused damage to the buildings, as well as lost rents and diminution of value of the shopping center. Plaintiffs asserted numerous claims, including negligence and strict liability. The court dismissed plaintiffs’ negligence and strict liability claims on the grounds that plaintiffs only alleged economic loss and did not allege personal injury or damage to other property. Sebago, 18 F.Sup.2d at 89-95.
The court reached a similar conclusion in Lewis v. General Electric Co., 37 F.Sup.2d 55, 59 (1999). In Lewis, the defendant GE disposed soil containing PCBs, a toxic that may cause cancer, in the Lakewood section of Pittsfield. Lewis lived in the Lakewood section, and several properties in the area had been found to have hazardous levels of PCBs. Lewis was unsuccessful in selling her house, apparently because of concerns over the PCB contamination in the neighborhood. Lewis claimed that GE’s negligence led to the decrease in the value of her property. The court held that where the plaintiffs had suffered diminution of property value, the injury was purely economic loss and the defendant’s motion to dismiss was allowed.
Accordingly, the economic loss doctrine dictates that the Court should not reconsider the grant of summary judgment to the defendant Maloy.
ORDER
For the reasons set forth above, the plaintiffs’ Motion for Reconsideration as to the Memorandum and Order on the Defendant Maloy’s Motion for Summary Judgment is DENIED. Final judgment shall be entered dismissing the action.

 His opinion is premised not only on the angle of room configuration but also on delays occasioned by the zoning board’s postponement in giving approvals and resultant “bad press.”