FMR Corporation *vs.* Boston Edison Company.

May Company & another *vs.* Boston Edison Company
& another; Employers Insurance of Wausau,
third-party defendant.

Suffolk. March 3, 1993. - June 3, 1993.

Present: Liacos. C.J., Lynch. O'Connor. & Greaney, JJ.

*Negligence,* Economic loss. *Contract,* Performance and breach. *Electricity. Practice, Civil,* Dismissal.

On claims that a public utility was negligent in failing to provide uninterrupted electrical power to plaintiff businesses, the judge correctly ordered summary judgment for the defendant where the plaintiffs sought recovery for economic losses and made no showing that the defendant was responsible for any personal injury or physical damage to property. [395]

On claims that a public utility breached its contract to supply electrical power to plaintiff businesses on the theory that the tariff filed by the defendant with the Department of Public Utilities created by implication a contract with the defendant, the judge correctly ordered summary judgment for the defendant where, even if, as contended by the plaintiffs, the defendant committed gross negligence, there was nothing in the tariff that created a right to recover economic loss absent physical damage, and where, in any case, the tariff in question did not create a contract. [395-396]

Entry of summary judgment in favor of an insured on tort and contract claims against it did not render moot the insured's third-party claim against its insurer for refusing to defend. [396]

Civil action commenced in the Superior Court Department on October 16, 1985.

The case was heard by *Robert L. Steadman,* J., on a motion for summary judgment.

Civil action commenced in the Superior Court Department on March 19, 1990.

The case was heard by *Robert A. Mulligan*, J., on motions for summary judgment.

The Supreme Judicial Court on its own initiative transferred the cases from the Appeals Court.

*Francis M. Lynch* for FMR Corporation.

*Thomas D. Burns* (*Lawrence J. McNally, Jr.*, with him) for Boston Edison Company.

*Ralph C. Copeland* for May Company & another.

*Leonard F. Zandrow, Jr.* (*Robert M. Hacking* with him) for F.L. Kelley, Inc.

*Alice Olsen Mann* for Employers Insurance of Wausau.

LYNCH, J. The plaintiffs in these consolidated cases seek recovery for physical damage on counts for negligence and breach of contract. They appeal from summary judgments for the defendants, Boston Edison Company (Edison) and F.L. Kelley, Inc. (Kelley); Edison in turn appeals from the dismissal of its claim against Employers Insurance of Wausau (Wausau) for refusing to defend. We transferred the cases here on our own motion.[1] We affirm the summary judgments, but reverse the dismissal of Edison's third-party complaint.

We summarize the facts before the motion judges. The first case revolves around an electrical power outage in the financial district on June 13, 1983, which lasted for three days. FMR Corporation (FMR), a financial management and investment firm, had its operations interrupted and alleges that it sustained damages in excess of $1,000,000 for lost income and increased costs of doing business during the power outage. FMR alleged that Edison was negligent, breached implied and express warranties, and breached the terms and conditions of its tariff by failing to provide uninterrupted electrical power. Finding that FMR's damages were solely economic, the judge granted summary judgment for Edison.

---

[1] The cases were consolidated in the Appeals Court for briefing and oral argument on a joint motion of the parties.

The second case arises from a power outage on April 4, 1987. Kelley was working on Edison electrical lines along Huntington Avenue in Boston pursuant to a contract with Edison. As a result of Kelley's alleged negligence, electrical service to the Boston stores of Wm. Filene's Sons Co. and Filene's Basement, Inc. (stores), was interrupted necessitating the closing of the stores and resulting in a loss of business transactions. The stores asserted negligence and breach of contract claims against Edison and a negligence claim against Kelley. Edison and Kelley asserted cross claims against each other for indemnity and contribution. Edison also asserted a third-party claim against Wausau for indemnity and to force Wausau to defend it in the underlying action. The judge granted summary judgment for Edison and Kelley against the stores, and dismissed the cross claims and the third-party claim.

1. *Negligence claims for economic damage.* We have recently affirmed that purely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage. *Garweth Corp.* v. *Boston Edison Co., ante* 303 (1993). We see no reason to abandon this longstanding rule. See *Bay State-Spray & Provincetown S.S., Inc.* v. *Caterpillar Tractor Co.,* 404 Mass. 103, 107 (1989); *Stop & Shop Cos.* v. *Fisher,* 387 Mass. 889, 893-894 (1983); *Marcil* v. *John Deere Indus. Equip. Co.,* 9 Mass. App. Ct. 625, 630-631 (1980). We continue to align ourselves with the majority of jurisdictions which have considered the issue. See *East River S.S. Corp.* v. *Transamerica Delaval, Inc.,* 476 U.S. 858, 865-875 (1986); *Barber Lines A/S* v. *M/V Donau Maru,* 764 F.2d 50, 51-53 (1st Cir. 1985); *State ex rel. Guste* v. *M/V Testbank,* 752 F.2d 1019, 1020 (5th Cir. 1985), cert. denied sub nom. *White* v. *M/V Testbank,* 477 U.S. 903 (1986); *Canal Elec. Co.* v. *Westinghouse Elec. Corp.,* 756 F. Supp. 620, 629 (D. Mass. 1991), modified, 973 F.2d 988 (1st Cir. 1992); Restatement (Second) of Torts § 766C (1979).

2. *Contractual right to recover damages.* The plaintiffs argue that they are entitled to prevail on their contract claims

that Edison breached its contract to supply electricity and is, therefore, liable. As support for this theory, they rely on the tariff filed by Edison with the Department of Public Utilities as creating by implication a contract with Edison. Condition number 14 of the tariff contains an exculpatory provision exempting Edison from liability for power outages, interruptions, or inadequate supplies of electricity if Edison's failure "is without wilful default or gross negligence." Even if, as the plaintiffs contend, Edison committed gross negligence, there is nothing in the tariff that creates a right to recover for economic loss absent physical damage. The judge below correctly reached the conclusion that the principles precluding recovery in negligence for economic losses bar this action and "[c]ouching the allegations in terms of breach of contract . . . does not change the prohibition." See *Stop & Shop Cos.* v. *Fisher, supra* at 893-894; *New England Power Co.* v. *Riley Stoker Corp.*, 20 Mass. App. Ct. 25, 35 (1985); *Marcil* v. *John Deere Indus. Equip. Co.*, 9 Mass. App. Ct. 625, 632 n.6 (1980). Furthermore, it must be understood that the extensive legislative regulation of Edison's rates and practices takes the furnishing of electricity out of the realm of contract law. *Boston Edison Co.* v. *Boston*, 390 Mass. 772, 776-777 (1984). The tariff in question does not create a contract. The judges correctly granted summary judgment.

3. *Dismissal of the third-party claim.* Although no motion was before the court, in ruling on the summary judgment motion the judge dismissed for mootness Edison's third-party claim against Wausau. Edison filed a timely appeal. Edison did not move for reconsideration or relief from judgment. Since the claim was dismissed by the judge sua sponte without prior notice, Edison did all it was required to do to preserve the issue. The entry of summary judgment did not make moot the issue whether Wausau was obliged under Kelley's insurance policy to provide Edison with a defense. The dismissal of the third-party claim is reversed and remanded to the Superior Court for further proceedings.

*So ordered.*