Hely, J.
Dufresne-Henry provided engineering plans to the City of Westfield for a water works project under a contract between Dufresne-Henry and Westfield. S&H later became the general contractor on the project in a separate contract with Westfield. S&H had no contract with Dufresne-Henry. S&H’s third-party complaint alleges that it sustained economic losses because Dufresne-Henry furnished deficient plans and specifications for the project. S&H’s third-party complaint against Dufresne-Henry alleges counts for negligence, breach of contract as third-party beneficiary, and breach of implied warranty. Dufresne-Henry has moved for summary judgment on S&Hs third-party complaint, and the above facts are undisputed.
Dufresne-Henry is entitled to summary judgment on S&H’s third-party claim. Massachusetts applies the traditional economic loss rule. When “a defendant interferes with a contract or economic opportunity due to negligence and causes no harm to either the person or property of the plaintiff, the plaintiff may not recover for purely economic losses.” Garweth Corp. v. Boston Edison Co., 415 Mass. 303, 305 (1993); FMR Corp. v. Boston Edison Co., 415 Mass. 393, 395-96 (1993); Bay State Spray & Provincetown Steamship, Inc. v. Caterpillar Tractor Co., 404 Mass. 103, 107 (1989); McDonough v. Whalen, 365 Mass. 506, 512, 514 (1974); New England Power Co. v. Riley Stoker Corp., 20 Mass.App.Ct. 25, 35 (1985); Marcil v. John Deere Indus. Equip. Co., 9 Mass.App.Ct. 625, 629-31 and n.5 (1980).
S&H’s position is most analogous to that of the plaintiffs in McDonough and Marcil, supra, who sued the builder, manufacturer or distributor claiming defective construction or a defective product, although the defendants had no contract privity with the plaintiffs. As in McDonough and Marcil, whether or not S&H had contract privity with Dufresne-Henry, it cannot recover where its only damages are economic losses. McDonough, supra, 365 Mass. at 512, 514; Marcil, supra, 9 Mass.App.Ct. at 630-31 and n.5. Marcil has been cited with approval in Garweth, supra, FMR, supra, and Bay State, supra
This recently reaffirmed economic loss rule precludes recovery on S&H’s third-party claims, whether they are expressed as claims in tort or implied warranty or as a third-party beneficiary to a contract. “(C)ouching the allegations in terms of breach of contract . . . does not change the prohibition.” FMR, supra 415 Mass. at 396.
S&H relies on Rae v. Air-Speed, Inc., 386 Mass. 187, 192-96 (1982); Craig v. Everett M. Brooks Co., 351 Mass. 487 (1967); and the second part of Flattery v. Gregory, 397 Mass. 143, 146-51 (1986) (tort claim dismissed; third-party contract beneficiary claim not dismissed). These cases may represent exceptions to the economic loss rule, although the rule was not discussed in Rae and Flattery. If Rae, Craig and Flattery are exceptions to the economic loss rule, there is no persuasive reason for applying the exceptions here. Considering the court’s recent re-endorsement of the economic loss rule in Garweth and FMR, and its *392 application of the mle where the plaintiff alleged both tort and contract claims, FMR, supra, I see no basis for not applying the rule to S&H’s economic loss claims against Dufresne-Henry.
Dufresne-Henry is also entitled to summaryjudgment on the third-party beneficiary claim for an alternate reason. The contract between Dufresne-Henry and the City of Westfield was intended to benefit those two parties. Although it was foreseeable that S&H as the general contractor would also derive economic benefit from this contract, the summary judgment materials establish that as a matter of law S&H was only an incidental beneficiary rather than an intended beneficiary of the contract. See the discussion of the issue in Flattery v. Gregory, 397 Mass. 143, 150-51 (1986).
ORDER
Summaryjudgment will enter for Dufresne-Henry, Inc. on the third-party complaint by S&H Contracting Co., Inc.
There is no just reason for delay, and separate and final judgment for Dufresne-Henry will enter forthwith on the third-party complaint.