Agnes, A.J.
1. This is a civil action in which the defendant maintains it is entitled to summary judgment under Mass.R.Civ.P. 56 principally because the doctrine of economic loss precludes plaintiffs from recoveiy. The essential facts are not in dispute. The defendant is the manufacturer of a solvent known as “Vertel XMS” (hereafter, “Vertel”) that was used by Schott Fiber Optics of Southbridge, Massachusetts to clean glass fibers that comprised the fiber optic image bundles (collections of glass fibers capable of transmitting an image from one end to the other) it manufactured. These image bundles were a component of endoscopes manufactured by AFO, a Sturbridge, Massachusetts company which sold the devices for use in the medical and industrial fields. AFO and Schott had an agreement entitled “Image Bundle Supply Agreement” whereby Schott would supply AFO with the image bundles it required “in perpetuity” and on the basis of regular, quarterly negotiated terms. Under the agreement, Schott had to keep a one-month supply of image bundles on hand for use by AFO, and AFO, in turn, had to give Schott a rolling, 12-month forecast of its needs. When Schott selected Vertel as the solvent it would use in its manufacturing process it was advertised as a nonflammable product. Subsequently, duPont discovered that Vertel was flammable. However, on December 14, 1988, before duPont notified Schott of this fact, a fire occurred at Schott’s plant in Southbridge, Massachusetts that was caused by the ignition of Vertel. The fire destroyed machinery and equipment used by *672 Schott to manufacture fiber optic image bundles. As a result of the fire, Schott could not deliver these image bundles to AFO in accordance with the agreement and as a result AFO suffered economic losses.
2. The parties agree that typically economic losses are not recoverable by a party in a negligence action in the absence of personal injury or property damage. See, e.g., Berish v. Bornstein, 437 Mass. 252, 267 (2002), quoting FMR Corp. v. Boston Edison Co., 415 Mass. 393, 395 (1993) (“purely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage”). The policy reasons underlying this doctrine include a concern that otherwise the cost of even simple torts could spiral out of control, and a realization that persons or entities suffering financial as opposed to physical losses may have an easier time arranging for alternative compensation and (at least in the case of businesses) are more likely to have access to insurance. See Barber Lines v. M/V Donau Maru, 764 F.2d 50, 54 (1st Cir. 1985) (Breyer, J.). The plaintiffs maintain however, that the supply agreement between Schott and AFO creates in AFO a special sort of property interest in the image bundles manufactured by Schott such that the harm caused by defendant duPont to Schott’s supply and to its manufacturing capacity should be regarded as a compensable cause of AFO’s economic loss. See Plaintiffs Memorandum of Law in Opposition to DuPont’s Motion for Summary Judgment at 8-10. The cases relied upon by the plaintiff are inapposite. For example, in Commonwealth v. TLT Construction, 1999 WL 429860, 10 Mass. L. Rptr. 213 (Mass. Superior Court 1999), the court denied the defendant’s motion for partial summary judgment under the settled theory that a party is entitled to recover damages for economic losses that result from business interruptions when they are a foreseeable result of physical harm to the plaintiffs person or property. In TLT Construction, the defendant was sued for the economic losses incurred by the Commonwealth when employees of the Suffolk County Courthouse became sick and offices had to be relocated as a result of the effects of an insulation material (Duramen) that TLT Construction applied to the building. The trial court explained that the economic loss doctrine was not applicable because the losses suffered by the Commonwealth resulted from physical injury to its property, viz., the courthouse. Here, the fire resulting from the ignition of Vertel did not cause any injury to AFO’s property. There is nothing in the Image Bundle Supply Agreement between AFO and Schott (Tab D to the Affidavit of David W. Smith) that creates a property interest on the part of AFO in the image bundles stored by Schott at its plant or in Schott’s manufacturing process. Indeed, under paragraph 5 of the Agreement (incorporating by reference an Appendix C), title in the goods remains with Schott, the seller, until the image bundles are delivered to a carrier for shipment to the buyer, AFO. If there is to be as fundamental a change in the law of damages in Massachusetts as the plaintiffs suggest, it must be the result of legislation or a decision by the Supreme Judicial Court.
ORDER
3. For the above reasons, the defendant’s motion for summary judgment is ALLOWED.