Gailey, Timothy H., J.
This is an action for breach of contract, breach of a covenant of good faith and fair dealing, neglegence and violation of Chapter 93A arising out of an alleged failure by Defendant Citizens Bank of Massachusetts (“The Bank”) to advance money to Plaintiff Ugarit, Inc. (“Borrower”) under a previously agreed to line of credit between the Bank and Borrower. Borrower has moved for summary judgment as to liability on all but the negligence count. The Bank has moved for summary judgment as to all counts. For the following reasons. Borrower’s Motion for Summary Judgment is DENIED, and The Bank’s motion is ALLOWED in part and DENIED in part.

BACKGROUND

The Complaint alleges the following.
Borrower is a Massachusetts corporation owning and operating retail furniture stores. Prior to June 2001, Borrower had an existing loan agreement with Mellon Bank, N.A., providing in relevant part for a $310,000 line of credit for Borrower’s business uses. In or about June 2001, The Bank took over the loan account from Mellon Bank, N.A. and during 2002 Borrower drew down part of that line and repaid it in full in more or less due course.
In January 2003 Borrower’s President was on a buying trip to Germany, and allegedly had an opportunity to buy inventory at a very favorable price. In reliance on the line of credit with The Bank, and on The Bank’s representation that that line would continue to be available until further notice, on January 14, 2003, Borrower allegedly attempted to obtain an advance of $130,000 on the line to take advantage of the special purchasing opportunity. Unbeknownst to Borrower, with no notice to Borrower whatsoever, The Bank had for some reason apparently placed the line of credit on hold and declined to advance the allegedly requested funds. Borrower therefore allegedly missed the opportunity to profit from the special purchase.
Upon Borrower’s President’s return to the United States Borrower informed The Bank of its mistake and, in effect moved its business elsewhere within about 5 months. Borrower thereafter sued The Bank herein.
Count I alleges a breach of contract in the above conduct by The Bank. Count II alleges a breach of a covenant of good faith and fair dealing. Count II alleges that Borrower was damaged by The Bank’s negligence in the January 2003 failure to extend the credit, and Count IV alleges violation of Chapter 93A in connection with the above.

STANDARD

This court grants summary judgment when there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. See Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of establishing that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue by either submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the moving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v General Motors Corp., 410 Mass. 706, 716 (1991).

DISCUSSION

A. Count I: Breach of Contract
The terms of the written loan agreement establishing the line of credit are undisputed. That loan agreement was first entered into on or about May 31, 2001, and its terms remained the same after the acquisition *34 of the loan by The Bank. Those terms were still in effect in January 2003 at the time in issue in this case.
That written loan agreement contained a damage limitations clause that would preclude most, and possibly all, of the damages that Borrower is seeking for breach of contract. That clause was physically located just above the signature line on the agreement, and it was all capital letters. It provided: “6-15. Waiver of Jury Trial and Certain Damage Claims . . . THE BORROWER HEREBY WAIVES ANY RIGHT IT MAY HAVE TO CLAIM OR RECOVER [in any litigation under the loan agreement] . . . ANY SPECIAL, EXEMPLARY, PUNITIVE OR CONSEQUENTIAL DAMAGES OR ANY DAMAGES OTHER THAN, OR IN ADDITION TO ACTUAL DAMAGES.” At oral argument Borrower agreed that if this clause is enforceable it would bar most of the damages Borrower is seeking. The Bank asserts that it would in fact bar all of the damages Borrower is seeking, but that would be a fact issue for possible trial. The clause, if enforceable, would warrant partial summary judgment on Count I limiting damages to actual damages only, and precluding consequential damages.
The question on summary judgment thus becomes whether the damages limitation clause is enforceable.
Looking at whether the contract clause is unconscionable, the standard of unconscionability is high. An unconscionable contract is “such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other.” Waters v. Min., Ltd., 412 Mass. 64, 66 & 69 (1992), quoting with approval Hume v. United States, 132 U.S. 406, 411 (1889), in itself quoting Earl of Chesterfield v. Janssen, 38 Eng.Rep. 82, 100 (Ch. 1750). The doctrine of unconsoionability has been codified in the Uniform Commercial Code, G.L.c. 106, sec. 2-302.
Looking at the uncontroverted facts of this case, Borrower can make out no claim that the limitation of damages clause is unconscionable. Under the loan agreement there is no disproportionate or nonexistent consideration. The parties operated under that agreement for 2 years, apparently to their mutual advantage since neither party terminated it. The sole owner and operator of Borrower is an experienced businessman, whose company has shown significant growth over a number of years. He also has shown an ability to secure comparable credit from other sources, as he did after the incident complained of. He read and understood the loan agreement before he signed it. The damage limitations clause is unambiguous. It is prominently placed in a position and with a typeface that would make it almost impossible for a person signing a document to miss. The damage limitations clauses still permits some remedy — the remedy of “actual damages” — even though most of the damages Borrower now seeks are barred. The damage limitations clause is the type of commercial allocation of risk that sophisticated businesses bargain for, and it does not offend any public policy of the state. See Logan Equipment Corp. v. Simon Aerials, Inc., 736 F.Sup. 1188 (D.Mass. 1990); Canal Electric Co. v. Westinghouse Electric Corp., 406 Mass. 369, 373-74 (1990).
The clause is enforceable. The clear and unequivocal language of the contract on which Count I rests therefore bars recovery of consequential damages, and any other damages except “actual damages.” Partial summary judgment should therefore enter on Count I on the issue of damages, that Plaintiff is not entitled to recover any special, exemplary, punitive or consequential damages.

B. Count II and Count IV: Breach of Covenant of Good Faith and Fair Dealing, and Breach of Chapter 93A

Count II alleges that The Bank’s course of conduct violated the implied covenant of good faith and fair dealing, and Count IV essentially would bring that conduct within the purview of Chapter 93A. Borrower’s allegations in these counts are fact specific, and are based in material part on disputed issues of fact. In particular, Borrower alleges that The Bank’s loan officer, with whom Borrower had been dealing, knew that the Borrower’s president was going to be in Germany in January 2003, and that he would be attempting to purchase inventory at much greater than usual discounts. He allegedly also knew that Borrower’s president would be accessing and taking down the line of credit to do so. Borrower alleges that the loan officer had previously represented that the line of credit would remain open unless The Bank gave Borrower notice. This course of conduct allegedly led Borrower to rely on the availability of that line of credit with knowledge by The Bank of that reliance and knowledge of Borrower’s special circumstances in January 2003 in particular.
This conduct, if proved, goes beyond simple noncompliance with the loan contract by The Bank. The alleged actions by The Bank’s employee loan officer, and the subsequent failure by The Bank to comply with the reasonable expectations that that loan officer allegedly knowingly and intentionally fostered, could constitute a breach of the implied covenant of good faith and fair dealing, as well as a fraudulent and deceptive act or practice under Chapter 93A.
Whether that conduct was so eggregious that enforcement of the damages limitations clause of the loan agreement to bar recovery for consequential damages and multiple damages under Chapter 93A could be considered unconscionable cannot be decided on the undisputed facts. Summary judgment on Counts II and IV should be denied.
C. Count III: Negligence
Count III pleads a claim on a negligence theory for the above conduct. This claim is barred by the “Economic Loss Doctrine.” An action, such as this one, for *35 purely economic losses cannot be based on negligence absent personal injury or physical damage to one’s property. “(W]hen a defendant interferes with a contract or economic opportunity due to negligence and causes no harm to either the person or property of the plaintiff, the plaintiff may not recover for purely economic losses.” Garweth Corp. v. Boston Edison Co., 415 Mass. 303, 305 (1993): FMR Corp. v. Boston Edison Co., 415 Mass. 393, 395 (1993), and cases and sources cited thereat. This is precisely such a case, to the extent it relies on a theory of negligence, and it is barred. Summary judgment is appropriate. See FMR Corp. v. Boston Edison Co., supra. Borrower must rely on its other theories for a remedy.
Based on the documents filed in support of and in opposition to the motions, I conclude that there is in fact no issue of material fact remaining for trial as to Count III and, that Defendant is entitled to a judgment on Count I is as a matter of law.

ORDER

Plaintiffs motion For summary judgment is DENIED as to Count I. Defendant’s motion for summary judgment is ALLOWED IN PART as to Count I as follows: on the issue of damages under Count I, Plaintiff is not entitled to recover any special, exemplary, punitive or consequential damages.
With respect to Counts II and IV, there are genuine issues of material fact for trial, and both parties’ motions for summary judgment are DENIED as to Counts II and IV.
The Defendant’s Motion for Summary Judgment is ALLOWED as to Count III.