Henry, Bruce R., J.
Defendant Mount Auburn Cemetery brings this motion pursuant to Mass.R.Civ.P. 12(b)(6) to dismiss the complaint filed by plaintiffs on the grounds that the complaint fails to state a claim upon which relief can be granted. The plaintiffs assert claims for breach of contract, negligence, unjust enrichment, and violation of G.L.c. 93A. For the reasons set forth below, defendants’ motion to dismiss is ALLOWED in part and DENIED in part.

BACKGROUND

The following facts are taken from plaintiffs’ complaint. Plaintiffs Patricia and Charles McGovern (the McGoverns) purchased cemetery burial plots from the Mount Auburn Cemetery (Mt. Auburn), the defendant, by a signed pre-need deferred sales agreement dated June 21, 1989 (Complaint, ¶5). The sales agreement provided for the purchase of the plots and their perpetual care (Complaint, ¶6). The sales agreement was subject to existing by-laws, which the McGoverns assert permitted the transfer of the “deeded burial rights” with the approval of Mt. Auburn (Complaint, ¶7). The “deed” to plaintiffs’ burial plot was delivered to plaintiffs on or about April 5, 1991 after the required payments had been made (Complaint, ¶8). From the time of the contract to the present, Mt. Auburn has fulfilled its fiduciary obligations pursuant to G.L.c. 114, §5C and has invested the funds prudently. (Complaint, ¶9.)
The agreement between the McGoverns and Mt. Auburn provides that: “this grant and agreement is made expressly subject to all rules and regulations of the Grantor, now or here-in-after in force, and to the conditions and restrictions noted below, and for any breach thereof the grantor may enter upon said grave or graves, and at the expense of the grantee, remove any structure, plant, or thing in violation thereof, and do whatever else may be necessary and reasonable.” (Emphasis added.) (Complaint, ¶11.)
On June 24, 1998, Mt. Auburn enacted a by-law which provided that it would only approve of transfers of deeded rights back to Mt. Auburn and with consideration limited to the original purchase price paid. This by-law was enacted without giving notice to the plaintiffs. (Complaint, ¶¶12-14.)
In 2005, the plaintiffs provided notice of non-occupancy to Mt. Auburn. The plaintiffs also inquired about transferring their burial rights because they had moved from Watertown, Massachusetts to New Hampshire in 1997. (Complaint, ¶¶15-17.) An agent of Mt. Auburn informed the plaintiffs of the June 1998 bylaw that limited plaintiffs’ right to transfer their burial plot back to the Cemetery for the original purchase price paid (Complaint, ¶18). The agent also provided the plaintiffs with a copy of G.L.c. 114, §43B, regarding the sale of cemetery lots and plots for speculative purposes (Complaint, ¶19).
Plaintiffs then brought this complaint alleging breach of contract, negligence, unjust enrichment, and violation of G.L.c. 93A, and requesting certification of this matter as a class action. They claim that the passage of the 1998 by-law was unreasonable and unlawful and that the by-law deprives them of their rights to obtain a fair market value for their burial rights. The passage of the by-law was unreasonable, according to the McGoverns, as Mt. Auburn failed to give notice to the existing deed holders of the termination of their contractual right to marketability. Plaintiffs have made a demand for “fair value” for their deeded rights pursuant to G.L. 93A, §9(3) (Complaint, ¶26).
Mt. Auburn brought this instant motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), asserting that the McGoverns hold an exclusive right to interment in their lots at Mt. Auburn and do not hold a properly interest therein; that the 1998 by-law amendment did not affect the McGovern’s interment rights nor did it change Mt. Auburn’s requirement that all transfers were subject to Mt. Auburn’s approval. It set forth a procedure by which Mt. Auburn reacquires interment rights. Finally, Mt. Auburn argues that the plaintiffs have not sustained damages as a result of the passage of the 1998 by-law.

DISCUSSION

Applicable Standard

When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), this Court must accept as true the well pleaded factual allegations of the complaint and make all reasonable inferences which may be drawn in the plaintiffs favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1981). *668 “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Cintron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). “[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
I note in passing that Mt. Auburn has provided copies of the Pre-Need Deferred Payment Sales Agreement (Agreement) and of the Grant of Interment Right (Grant) as part of their motion papers. Where, as in this case, the plaintiff had notice of these two documents and referred to and relied on them in framing the complaint, their inclusion in the motion materials does not convert this motion into one for summary judgment. See Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 n.4 (2004).

Breach of Contract Claim

In Count I, the McGoverns assert a claim for breach of contract by Mt. Auburn. The defendants are correct in their assertion that Mt. Auburn has not restricted or interfered with the McGoverns’ exclusive and perpetual right to interment in the plots at issue, for which right payment was made by the McGoverns. In that sense there can be no breach of the contract by Mt. Auburn.
The McGoverns, however, argue that the breach of contract occurred in the passage of the 1998 by-law. They assert that the by-law was made in bad faith and was neither reasonable nor necessary. The passage of the bylaw, standing alone, cannot be a breach of the contract between the parties. Both the Agreement and the Grant contemplate the passage of by-laws other than those in effect at the time they were executed. Clearly, Mt. Auburn had the right to make by-laws after the execution of the contract with the McGoverns and the McGoverns agreed to be bound by those future by-laws, to the extent they were reasonable. See Messina v. LaRosa, 337 Mass. 438, 442 (1958). Whether the 1998 by-law was reasonable is an issue that cannot be decided at this point as the by-laws were not made part of the materials before me. If the by-law is found not to be reasonable or not to have been put into effect in a reasonable manner, Mt. Auburn could be found to have breached the covenant of good faith and fair dealing which applies to all contracts in Massachusetts. Therefore, the breach of contract claim survives this motion to dismiss.

Negligence Claim

The plaintiffs’ negligence claim does not state a claim upon which relief can be granted. The plaintiffs contend that Mt. Auburn “had a contractual duty to enforce deeded rights of marketability.” (Complaint, ¶36.) Whether such rights of marketability existed, the duty alleged is a contractual duty, not a duty owed independently from the contractual relationship among the parties. Furthermore, as pointed out by Mt. Auburn, “[i]t has been a long-standing rule in this Commonwealth, in accordance with the majority of jurisdictions that have considered this issue, that ‘purely economic losses are unrecoverable in tort in the absence of personal injury or properly damage.’ ” Aldrich v. ADD, Inc., 437 Mass. 213, 222 (2002) quoting FMR Corp. v. Boston Edison Co., 415 Mass. 393, 395 (1993). As neither personal injury nor property damage has been claimed, the plaintiffs cannot recover in tort. For those reasons, the complaint fails to state a claim of negligence upon which relief can be granted.

Unjust Enrichment Claim

Unjust enrichment is defined as “retention of money or property of another against the fundamental principles of justice or equity and good conscience.” Taylor Woodrow Blitman Constr. Corp. v. Southfield Gardens Co., 534 F.Sup. 340, 347 (D.Mass. 1982), quoting from 66 Am.Jur.2d Restitution and Implied Contracts §3 (1962). An equitable remedy for unjust enrichment is not available to a parly with an adequate remedy at law. See ibid.; Popponesset Beach Ass’n. v. Marchillo, 39 Mass.App.Ct. 586, 593 (1996). See also Cedo Bros. v. Greenwich, 156 Conn. 561, 564-65 (1968) (“right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed to examine the circumstances and the conduct of the parties and apply this standard” [quotations and citations omitted]).
Santagate v. Tower, 64 Mass.App.Ct. 324, 329 (2005).
The McGoverns assert that “good conscience” requires that they receive fair market value for the transfer of their burial rights to Mt. Auburn. They claim that the 1998 by-law provides them only with what they paid for the burial plots and that Mt. Auburn gets to retain whatever it gained through its prudent investment of the funds for over fifteen years along with the profit from whatever it can sell the plots for in the current market. Like the breach of contract claim, whether there is a right to recover under a theory of unjust enrichment depends upon whether the by-laws at issue were reasonable under all of the circumstances. That determination cannot be made at this point in the proceedings.

Chapter 93A Claim

Similarly, the plaintiffs’ assertion that the defendants acted unfairly or deceptively in the passage of the 1998 amendment states a claim upon which relief can be granted. Whether the defendants acted unfairly *669 is a fact question which will require some determination of the reasonableness of the amendment of the by-laws and which cannot be determined at this stage.

Class Certification Issue

I decline, at this time, the plaintiffs’ invitation to certify a class in this matter. The plaintiffs have not demonstrated that such certification is warranted in this matter and have made no effort to establish that they can meet the requirements for such certification.

ORDER

For the foregoing reasons, it is hereby ORDERED that defendant’s Motion to Dismiss is ALLOWED as to Count II (Negligence) of the plaintiffs’ complaint and is otherwise DENIED. The plaintiffs’ request for class certification is also DENIED.