Agnes, Peter W., J.
The plaintiff, Grafton Partners, LLC (“Grafton”), brings this action alleging trespass and seeking ejection against the defendant, Barry & Foley Motor Transportation, Inc. (“B&F”), and alleging breach of contract, breach of warranty, and negligence against Guerriere & Halnon, Inc. (“G&H”). This matter involves a dispute over a tract of land to which Grafton holds title. B&F filed a counterclaim, claiming that it has acquired title to the disputed parcel through adverse possession. This matter is before the court on motions for summary judgment under Mass.R.Civ.P. 56 submitted by all three parties. G&H has filed a motion for summary judgment against Grafton on all claims; Grafton has moved for partial summary judgment against G&H on its claims for breach of contract and negligence; B&F has filed for summary judgment on Grafton’s claims against it and on its counterclaim. For the reasons stated below, G&H’s motion is DENIED in part and ALLOWED in part, Grafton’s motion is DENIED, and B&F’s motion is DENIED.

BACKGROUND

In 2001, Grafton sought to purchase land on which to construct a Shaw’s Supermarket. The site that it chose was an eleven-acre lot, comprised of parcels belonging to several different owners. Grafton hired Appledore Engineering, Inc. (“Appledore”) to assist it in determining the feasability of purchasing this lot. Appledore then hired G&H to conduct a comprehensive survey of the property. According to Grafton, this survey was intended to uncover all encroachments, easements, and other uses of the property. Also, Grafton alleges that G&H was made aware that Grafton intended to develop the properly and would be relying on the land survey. In 2003, G&H completed the survey and Grafton purchased the land. The business that Grafton sought to construct is now fully operational.
While Grafton holds title to the entire eleven acres, the ownership of a quarter-acre section of the property is in dispute. The estate of Helen F. Barry, the mother of the president of B&F, is the record owner of the property abutting the eleven-acre lot owned by Grafton. B&F, a trucking and trailer rental company which has operated from the abutting property since 1946, claims that it has acquired the quarter-acre section by adverse possession. It alleges that, since 1953, it has driven and parked approximately thirty trailers on that tract oí land and has done so openly, continuously, and exclusively. It claims that B&F has made improvements to this parcel, by having it paved about thirty years ago. Also, B&F adds that it never sought permission for its use of this land.
The survey that G&H prepared under its contract with Appledore did not reflect B&F’s occupation of the quarter-acre piece of the property. Grafton alleges that it discovered B&F’s usage when one of its subcontractors was prevented from installing a drainage system in the area where the vehicles were parked. It also claims G&H’s failure to uncover B&F’s occupation of the property has caused it to incur extra expenses; it had to resubmit its develop plans to the City of Worcester, litigate an abutter’s appeal of the new plans, and take action to end B&F’s occupation of the property.
In 2004, Grafton filed a complaint against B&F for trespass (Count I) and seeking injunctive relief to end B&F’s usage of the land (Count II). Later that year, Grafton filed an amended complaint, adding claims against G&H for breach of contract (Count III), breach of implied warranty (Count IV), and negligence (Count V).

DISCUSSION

I. Summary Judgment Standard

Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a *443 matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr. 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank v. Dawes, 390 Mass. 419, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).

II. Grafton’s Breach of Contract Claim

Grafton’s claim against G&H for breach of contract is missing an essential element, namely a contract between the two parties. “To recover damages for breach of contract at trial,” a plaintiff must establish, “that the parties reached a valid and binding agreement.” Coll v. PB Diagnostic Systems, Inc., 50 F.3d. 1115, 1122 (1st Cir. 1995) (applying Massachusetts law); see also Jackson v. Action for Boston Community Development, Inc., 403 Mass. 8, 9-10 (1988). Here, both parties agree that there was no contract between Grafton and G&H. As such, Grafton’s claim for breach on contract fails as a matter of law.[2]

II. Grafton’s Breach of Implied Wamanty Claim

Grafton may not succeed on its claim against G&H for breach of implied warranty. Under state law, a commercial plaintiff cannot recover against a defendant for breach of warranty in the absence of privity. Sebago, Inc. v. Beazer East, Inc., 18 F.Sup.2d. 70, 98-99 (D.Mass. 1998) (applying Massachusetts law). While privity is not necessary for consumers who have suffered personal injury and are alleging breach of warranty, Massachusetts has not “abolish[ed] the privity requirement when the plaintiff seeks to recover solely economic damages.” Id. at 98 (citations omitted). Here, as stated above, there was no contract, and hence no privity between Grafton and G&H. Therefore, Grafton’s claim of breach of warranty is not viable.

III. Grafton’s Negligence Claim

Grafton has set forth sufficient facts to survive summary judgment on its tort claim. G&H argues that since Grafton has suffered only financial losses, the economic loss doctrine precludes any recovery under tort law. Under the rule that it cites, “purely economic losses are unrecoverable in tort. . . liability actions in the absence of personal injury or property damage.” FMR Corp. v. Boston Edison Co., 415 Mass. 393, 395 (1993). However, Massachusetts law recognizes an exception to the economic loss doctrine. A plaintiff who has suffered only economic injury may recover against a defendant who has committed the tort of negligent misrepresentation. Nota Construction Corp. v. Keyes Assoc., Inc., 45 Mass.App.Ct. 15, 20 (1998), citing Craig v. Everett M. Brooks, Co., 351 Mass. 497, 499-501 (1967). For reasons stated below, the record contains adequate facts for a jury to find this claim. Therefore, this case fits under the exception to the economic loss doctrine, and Grafton is entitled to pursue its tort claim against G&H.
The elements of negligent misrepresentation are as follows: the “plaintiff must prove that the defendant (1) in the course of his business, (2) supplied false information for the guidance of others (3) in their business transactions, (4) causing and resulting in pecuniary loss to those others (5) by their justifiable reliance upon the information, and that he (6) failed to exercise reasonable care or competence in obtaining or communicating the information.” Golber v. Baybank Valley Trust, Co., 46 Mass.App.Ct. 256, 257 (1999). Here, evidence in the record would support a finding that G&H, an entity in the business of surveying land, incorrectly omitted B&F’s occupation from the survey that it prepared. Further, the record would allow a jury to find that Grafton reasonably relied on that erroneous information to its financial detriment.
G&H’s argument that Grafton’s failure to name negligent misrepresentation as a claim against G&H in the complaint precludes recovery under this theory is unpersuasive. Following this argument would value substance over form. The complaint alleges that G&H provided an inaccurate survey, reliance on which caused Grafton financial injury. The labeling of these facts as “negligence” rather than “negligent misrepresentation” is inconsequential. Negligent misrepresentation is not a claim that must be pled with specificity. Also, G&H is not prejudiced by the failure to properly name the count in the complaint. All the allegations necessary to sustain the claim of negligent misrepresentation appear in the complaint, and G&H therefore could adequately prepare a defense to that cause of action. Therefore, Grafton may pursue a claim for negligent misrepresentation.
The record, however, does not conclusively establish that G&H committed negligent misrepresentation. For example, the undisputed facts do not definitely show that Grafton’s reliance on the survey that G&H prepared was reasonable. See Marram v. Kobrick Offshore Fund, 442 Mass. 43, 59 (2004) (in a negligent misrepresentation case, “reliance normally is a question for a jury”). Ajury might find that Grafton did not act reasonably in its use of the survey. Therefore, Grafton is not entitled to judgment as a matter of law on this claim.

TV. B&Fs Adverse Possession Claim

The facts raised set forth by B&F are insufficient to find, as a matter of law, that it has acquired the disputed parcel by adverse possession. Under Massachusetts law, “(t]itle by adverse possession can be acquired only by proof of nonpermissive use which is actual, open, notorious, exclusive and adverse for *444 twenty years.” Lawrence v. Town of Concord, 439 Mass. 416, 421 (2003) (citations omitted). Here, B&F presents very little evidence other than the testimony of John F. Barry (“Mr. Barry”), the president of B&F, to establish that it has acquired the disputed tract by adverse possession. Therefore, the resolution of B&F’s claim essentially will turn on whether the jury finds his testimony to be credible. In a summary judgment motion, “The court is not to pass on the credibility of the witnesses.” Attorney General v. Brown, 400 Mass. 826, 832 (1987). Further, as Grafton highlights, hewill be testifying as to events that occurred as far back as when he was four years old. Likewise, Grafton has pointed to small inconsistencies in his deposition and other challenges to his credibility. A jury would be free to accept or reject Mr. Barry’s version of the facts. Therefore, B&F is not entitled to summary judgment on its claim for adverse possession.

ORDER

For the foregoing reasons, it is hereby ORDERED that Grafton’s motion is DENIED; G&H’s motion is DENIED as to Counts III and IV of the Amended Complaint and ALLOWED as to Count V; and B&F’s motion is DENIED.

In its motion for summary judgment, Grafton briefly hints that it should be considered as a third-party beneficiary of the contract between G&H and Appledore and should be allowed to recover for breach of contract under that theory. This argument is not persuasive. To have status as a third-party beneficiary, “[i]t must appear from the language and circumstances of the contract that the parties to the contract clearly and definitely intended the [third party] to benefit from the promised performance.” Miller v. Mooney, 431 Mass. 57, 62 (2000) (citations omitted). Nowhere in the contract between G&H and Appledore appears any reference to Grafton’s usage of the survey. As such, Grafton does not have the status of third-party beneficiary and cannot recover for breach under this theory. See id. at 63.