The plaintiff, Primary Color Systems Corporation (Primary Color), appeals from a judgment entered in favor of the defendant, Willwork, Inc. (Willwork), on Willwork's motion for summary judgment. The case arises from Willwork's negligence, while acting under an oral contract as Primary Color's subcontractor, in placing an overlay on the sign at the Apple store on Boylston Street in Boston. Willwork acknowledged its liability when Primary Color demanded payment, but pointed to its (Willwork's) insurer to cover the damage. We presume the insurer did not pay[2] because ultimately it was Primary Color that paid Apple for the cost of repair. This suit followed, in which Primary Color asserts a negligence claim to recover the cost of repair and a claim under G. L. c. 93A based on its allegation that Willwork falsely asserted it had tendered the claim to its insurer in order to induce Primary Color to pay. For the reasons in the motion judge's well-reasoned decision, we affirm.
"When reviewing a grant of summary judgment we consider the pleadings, depositions, answers to interrogatories, and responses to requests for admission under Mass. R. Civ. P. 36, 365 Mass. 795 (1974), together with the affidavits, and ask if there is any genuine issue as to any material fact." Federal Natl. Mort. Assn. v. Hendricks, 463 Mass. 635, 637 (2012). We view the summary judgment record "in the light most favorable to the nonmoving party." Ibid. "If all material facts have been established and the moving party is entitled to judgment as a matter of law, then the 'judgment sought shall be rendered forthwith.' " Ibid., quoting from Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002).
Relying on Wyman v. Ayer Properties, LLC, 469 Mass. 64 (2014), Primary Color argues that the economic loss doctrine should not bar its negligence claim. We note at the outset that Wyman did not abrogate the long-standing rule that "purely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage."[3] FMR Corp. v. Boston Edison Co., 415 Mass. 393, 395 (1993). In fact, the Supreme Judicial Court reiterated the general rule that "where the negligent design or construction of a product leads to damage only to the product itself, the recovery for economic loss is in contract, and the economic loss rule bars recovery in tort." Wyman, supra at 69. Nonetheless, because the plaintiffs in that case would otherwise be left without a remedy, the court in Wyman held that the economic loss rule did not apply "to damage caused by negligent design and construction of the common areas of a condominium building, whether or not such negligence caused damage to other property." Id. at 69-70. This conclusion rested on the hybrid nature of condominium ownership and the resulting lack of contractual relationship between the tortfeasor and the condominium association. As a result, the court concluded that applying the economic loss rule would have the undesirable effect of "leav[ing] a wronged claimant with no remedy." Id. at 71 (quotation omitted). In order to avoid thwarting the plaintiffs' claim in those circumstances, the court declined to apply the economic loss rule.
The circumstances in this case are markedly different. To begin with, we are not here concerned with a condominium association. Equally, if not more, important, the claim arises out of the parties' oral contract, and Primary Color does not argue, let alone explain, how or why its recourse does not lie in contract rather than in tort. See id. at 70 ("The [economic loss] rule was developed in part to prevent the progression of tort concepts from undermining contract expectations"). In addition, Willwork's alleged negligence resulted purely in economic loss. In these circumstances, the economic loss doctrine bars recovery on Primary Color's negligence claim.
We turn next to Primary Color's G. L. c. 93A claim. In the complaint, the claim is based on the allegation that Willwork falsely claimed that it could not pay because the claim was with Willwork's insurer. In Primary Color's opposition to the motion for summary judgment, it took the position that Willwork violated c. 93A by engaging "in a course of action in order to delay and reassure Primary Color so that Primary Color would not set off on the funds owed for work performed at the Boylston Street Apple Store and other locations. Once Willwork had been paid, it further delayed and withheld information from Primary Color which resulted in Primary Color being forced to pay Apple." Whatever difference there may be between these two theories is immaterial for our purposes. In the end, the summary judgment record-viewed most favorably to Primary Color-does not raise a triable issue of fact sufficient to go to the jury that Willwork made misrepresentations, let alone that it did so for the purpose of inducing Primary Color to act.
Judgment affirmed.

The record is not explicit on this point.

"Economic loss includes 'damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits without any claim of personal injury or damage to other property.' " Berish v. Bornstein, 437 Mass. 252, 267 (2002), quoting from Marcil v. John Deere Indus. Equip. Co., 9 Mass. App. Ct. 625, 630 n.3 (1980).